IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

        Plaintiff,

v.

CORY HEREFORD,

        Defendant.

ORDER

19-cr-87-wmc-1

---

Yesterday, July 21, 2021, this court held an *ex parte* hearing on defense counsel Murali Jasti's motion to withdraw in light of his representation that the attorney-client relationship was "irretrievably broken." After a lengthy colloquy with both Mr. Hereford and his counsel, the court granted that motion, but only after noting that this is now the second time such a motion was granted based on experienced criminal defense counsel's representation that various grievances, disputes, and disagreements over trial preparation and strategy have rendered their relationship with Mr. Hereford irretrievably broken and unsalvageable. Despite its belief that this breakdown falls largely, if not entirely, on defendant's failure to cooperate in his own representation, the court also granted his request for appointment of new counsel, while emphasizing that there would be no further appointments should another breakdown occur.

Specifically, after granting the first of these motions by the U.S. Federal Defenders Office more than a year ago, also filed on the eve of trial, Mr. Hereford was warned that should further problems arise with respect to newly appointed counsel, it will be "extremely

difficult for him to persuade the court to appoint a third attorney to represent him." And as Mr. Hereford was advised yesterday, but for Mr. Jasti's statement that his relationship with him could not be repaired under the circumstances, this court would have determined that his lack of cooperation with appointed counsel would effectively amount to an intentional choice to forego his right to counsel altogether, however ill-advised that choice might be. Moreover, because the court has now been presented with yet another motion to withdraw on the eve of what is now a third, almost unprecedented, established trial date, he was advised during yesterday's hearing, and again in this Order, that any failure to maintain a working, attorney-client relationship with Mr. Ruth will in fact be deemed a knowing and intentional choice to forego his right of representation and to represent himself at trial on December 13, 2021, a date that will not be moved except for exceptional good cause shown. *See United States v. Irorere*, 228 F.3d 816, 828 (7th Cir. 2000) ("quoting *United States v. Fazzini*, 871 F.2d 635, 642 (7th Cir. 1989) ("so long as the district court has given a defendant sufficient opportunity to retain the assistance of appointed counsel, defendant's actions which have the effect of depriving himself of appointed counsel will establish a knowing and intentional choice").

ORDER

Accordingly, IT IS ORDERED THAT Attorney Robert Ruth is appointed to act as his counsel in this matter going forward under the following terms and conditions:

1. This court will make no further appointment of counsel for Mr. Hereford in this matter. Should he fail to accept Mr. Ruth's representation at any point leading up

to the newly established trial date of December 13, 2021, he will *de facto* be deemed to have waived his right to counsel in this case.

2. Mr. Hereford is again advised of the importance of legal counsel in a criminal case, not only as a constitutional right, but as far and away the best way for Hereford to ensure his legal rights are protected, to make informed choices in the exercise of those rights, and to put on the best defense possible to the charges against him.

3. Given this court's repeated admonitions and previous opportunities to be represented by counsel, however, *no* other counsel will be appointed to represent him in this matter should his representation by Attorney Ruth be deemed irretrievably broken. In that event, Mr. Ruth may act as standby counsel at trial should Mr. Hereford so request. Mr Ruth should also be prepared to step in as counsel in the unlikely event that Mr. Hereford proves unwilling or unable to conduct himself with appropriate deference to the procedures and expectations of the court.

Entered this 22nd day of July, 2021.

BY THE COURT:

_____
WILLIAM M. CONLEY
District Judge